UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. JOHNSON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-05-284 |
| | : | |
| CRAIG APKER, | : | (Judge McClure) |
| | : | |
| Respondent | : | |

## **ORDER**

May 2, 2005

### **Background**

Edward R. Johnson, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is LSCI-Allenwood Warden Craig Apker.

Petitioner contends that he is actually innocent because the elements of his underlying federal criminal offense were not proven by a jury or other factfinder beyond a reasonable doubt. See Record document no. 1, ¶ 4(a). Johnson asserts that he is entitled to federal habeas corpus relief under the standards announced in

1

Apprendi v. New Jersey, 530 U.S. 466 (2000)[1] and that his 28 U.S.C. § 2255 remedy is inadequate or ineffective. By Memorandum and Order dated March 14, 2005, the petition for writ of habeas corpus was dismissed without prejudice. However, the Memorandum and Order advised Petitioner that he could reassert his present claims through a properly filed application seeking leave to file a second or successive petition pursuant to § 2255. Presently pending is Johnson's motion seeking reconsideration of that determination. See Record Document no. 7.

**Discussion**

Johnson's motion contends that "it cannot be stated with respect and confidence that petitioner was convicted beyond a reasonable doubt." Id. at p. 2. His motion adds that because due process has always required that every element of a crime must be submitted to a jury and proven beyond a reasonable doubt, he should be afforded a reasonable opportunity via § 2241 to obtain relief.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly

---

[1] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  <u>See</u> <u>Rohrbach v. AT & T Nassau Metals Corp.</u>, 902 F. Supp. 523, 527 (M.D. Pa. 1995), <u>vacated in part on other grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Johnson was convicted of possession with intent to distribute 9.5 grams of crack cocaine following a non-jury trial in the United States District Court for the Eastern District of Virginia.  His conviction was affirmed following a direct appeal to the United States Court of Appeals for the Fourth Circuit.  <u>See</u> <u>United States v. Brown</u>, 96 F.3d 1439 (4th Cir. 1996)(Table).  A petition for writ of certiorari was

denied on January 13, 1997. See Brown v. United States, 519 U.S. 1084 (1997).

Next, Johnson initiated a motion pursuant to 28 U.S.C. § 2255 which was denied by the trial court. On or about November 15, 2004, the United States Court of Appeals for the Fourth Circuit denied his motion for leave to file a second or successive § 2255 action. Petitioner then filed a petition for writ of habeas corpus with this Court asserting that his federal conviction was in violation of Apprendi. See Johnson v. Gerlinski, Civil No. 4-CV-01338. His petition was dismissed without prejudice on September 28, 2001. The dismissal was subsequently affirmed by the United States Court of Appeals for the Third Circuit. Johnson then filed his present § 2241 action with this Court.

Based on the procedural history outlined above, the Petitioner has been provided with an abundance of opportunities to assert his present claims. More importantly, his reconsideration motion does not present any facts or arguments which would undermine this Court's prior determination that the challenges to his federal conviction cannot be asserted via a § 2241 petition. Since Johnson's reconsideration motion has failed to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent, it will be denied. Consequently,

**IT IS HEREBY ORDERED THAT**:

Petitioner's motion for reconsideration (Record document no. 7) is denied.

          s/   James F. McClure, Jr.
         JAMES F. McCLURE, JR.
          United States District Judge